Filed April 26, 1887.

No. 12,551.

## SEAVEY v. SHURICK.

CONTRACT.—*Clearing Land.*—*Meaning of Phrase.*—Clearing land, in the absence of words of limitation, means removing therefrom all the timber of every size, except taking out the stumps.

SAME.—*Evidence.*—*Measure of Damages.*—In an action to recover damages for the breach of a contract to clear land, evidence as to what it is worth to clear the land, taking it in the condition in which it was left by the defendant, is competent.

SAME.—*Written Contract.*—*Parol Evidence.*—Where a written contract is certain and unambiguous in its terms, parol evidence to explain or contradict it is not admissible.

SAME.—*Trade Usage.*—*When Can Not be Shown.*—A usage of trade, which is inconsistent with the express terms of a contract, can not be shown in an action upon the contract.

From the Allen Superior Court.

*P. A. Randall* and *W. J. Vesey,* for appellant.

*J. Morris, J. M. Barrett* and *C. H. Aldrich,* for appellee.

MITCHELL, J.—This was an action by Shurick against Seavey, to recover damages for the alleged failure of the latter to clear certain woodland in compliance with the terms of a written contract, a copy of which is exhibited with the complaint.

By the terms of the contract, Shurick sold to Seavey all the timber, except walnut trees, standing on certain tracts of land. Seavey agreed to pay a stipulated price per thousand for saw-logs, and so much per cord for wood, all of which was to be cut and hauled off by the latter.

The controversy between the parties grew out of the following stipulation in the contract, viz.: "It is also agreed that twenty acres of the White land shall be cleared and hauled off by Seavey, by March 15th, 1881, and ten acres more by January 1st, 1882, and the balance by January 1st, 1883, and that the brush of whatever Seavey shall cut shall be piled as cut."

The plaintiff had judgment below for four hundred and forty dollars.

Whether the rulings and judgment of the court can be maintained, depends upon the construction to be given to the clause of the contract above set out. The court below proceeded from first to last upon the theory that the contract required the appellant to cut and remove from the White land all the timber, except the walnut trees, without regard to size, leaving only the stumps.

The appellant insists, that as the primary object of the contract was the purchase of the timber standing on several tracts of land, the stipulation in respect to clearing the White

land'only required him to take off the merchantable timber and wood, within the periods specified, and to pile the brush of such timber as he should cut, as the cutting progressed.

The contract is in writing, and is free from ambiguity or equivocal expressions. Seavey was to take all the timber except walnut, as it stood, and as a consideration he was to pay a stipulated price per thousand for merchantable saw-logs, and an agreed price for cord-wood, when cut and hauled. This much of the agreement applied to all the timber on all the land. The merchantable timber was all to be taken from the whole. In respect to the White land, the contract was peculiar, in that it required that a specified number of acres should be "cleared," and the logs and wood hauled off, within given dates, and the whole to be completed within a specified time. It also required that the brush on this land should be piled as the timber was cut. Simply to take the merchantable logs and wood from the White land, and to pile the brush of so much of the timber as the appellant saw fit to take, leaving the small trees and such as were not supposed to be valuable for logs or wood, was not a compliance with the contract.

Clearing land, in the absence of words of limitation, means removing therefrom " all the timber of every size, but does not include taking out the stumps." Harper v. Pound, 10 Ind. 32.

The court admitted evidence to prove what it was worth to clear the land, taking it in the condition in which it was left by the appellant. There was no error in this.

The appellant having failed to complete his contract, the plaintiff below was entitled to recover as damages the amount necessary to do that which the appellant omitted, and which was necessary to be done, in order to clear the land as the contract required.

There was likewise no error in rejecting the evidence offered by the appellant, by which he proposed to prove the

condition of the land, and the timber thereon, at the time the contract was made. The contract in express terms, and without any limitation or qualification, required the appellant to clear the land. There was, as we have seen, no uncertainty or ambiguity in its terms. Parol evidence to explain or contradict it was, therefore, not admissible.

While it is true that a usage of trade may sometimes be proved in order to determine the manner of discharging some duty, or performing an act stipulated to be performed in a contract, such proof is never competent, however, when the effect of it would be to prove a usage inconsistent with the express terms of the contract. *Morningstar* v. *Cunningham, ante,* p. 328; *Spears* v. *Ward,* 48 Ind. 541.

In other words, the appellant having expressly stipulated to clear the land, parol evidence was not admissible to prove that the meaning of his contract was such that he was to do something else, and not clear the land. Where words of ordinary signification are found in a contract, it is for the court to give an interpretation to such words, as well as to the whole contract. It is only where a word or phrase as used in a particular trade or calling has a meaning peculiar to such trade, and different from the ordinary sense in which it is used, that evidence may be heard to explain the use of the word. Even then such evidence will not be heard to contradict the contract, or explain away its obligation. The evidence tends to sustain the finding.

The judgment is affirmed, with costs.

Filed April 26, 1887.