294

**BLAKE, Plaintiff-Appellant, v. HANSLEY et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4589. Decided October 4, 1951.

R. Rush Warren, Columbus, for plaintiff-appellant.
Carl W. Lortz, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of the jury.

The errors assigned are:

"(1) The court erred in overruling the appellant's motion for a new trial on the basis of newly discovered evidence, for the reason that the same is cumulative.

"(2) The court erred in giving the following special instruction before argument:

"Members of the Jury . . . I charge you that if the defendants' cab was travelling on Skidmore Street in a lawful manner, then it had the absolute right of way, and the plaintiff was negligent in failing to yield the right of way to the automobile of the defendants, and under these circumstances, it would be your duty to render a verdict for defendants."

Counsel are in agreement that the newly discovered evidence relates to the same point, but appellant urges that it is of a different probative value; that all of the evidence on the point in question was given by interested parties and that the newly discovered evidence would be given by a disinterested witness and that it would therefore not be cumulative to former evidence. Our Supreme Court has held that one is not entitled to a new trial under §11576 GC when the additional evidence would be merely cumulative. **Sheen v. Kubiac, 131 Oh St 52.** The question then presented is whether or not the alleged newly discovered evidence is cumulative.

In **Kroger v. Ryan, 83 Oh St 299,** cumulative evidence is defined as "Additional evidence of the same kind to the same point." It is urged by the appellant that the new evidence is not of the same kind as that offered at the trial by the plaintiff's two witnesses because they were interested in the outcome of the case, being the plaintiff and his son, and that the new evidence would be by a disinterested witness. It will be noted that the son is not a party to the action, so his interest would be indirect, if at all. We are of the opinion that the record supports the trial court's ruling that the newly discovered evidence was merely cumulative.

A further reason for supporting the court's ruling on the motion is that one of the requirements for the granting of the same is that the newly discovered evidence must be such as would probably change the result if a new trial were granted. Sheen v. Kubiac, supra. Whether or not such would be the result rests within the sound discretion of the trial court.

In the case of **Smith v. Bailey, 26 Oh St 1,** the court held that a refusal of a new trial upon newly discovered evidence will only be reversed for manifest error or abuse of discretion. We find neither of such in the case at bar.

The second assignment of error is not well made for two reasons, first, no objection was made to the special instruction as given, an exception being noted only as to the general charge, and which does not include the special instructions given before argument; **Kennard v. Palmer, 143 Oh St 1;** second, the error, if any, was one of omission and not commission and no request being made for the court to supply the omission, such error would not justify a reversal. **State v. Tudor, 154 Oh St 249.**

Finding no error in the record, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.