JOHNSON-JOHNSON, INC. *v.* FARAH, ET AL.

[No. 18,323. Filed November 21, 1952.]

*Carl Humble,* of Danville, for appellant.

*Omer S. Whiteman,* of Indianapolis, for appellees.

ACHOR, C. J.—The original action in the case was filed by appellee, First Federal Savings and Loan Association of Indianapolis, against the appellees' Farah and Farah, to foreclose a real estate mortgage.

The appellant, a builder, had sold the property to appellees, Farah and Farah, and in conjunction with such sale had executed a Construction Completion Agreement regarding the property. Appellant was made a party defendant to answer as to its interest, if any, in the property.

Judgment was for foreclosure and no question is before the court upon that issue. The issues in this appeal arise by reason of the cross-complaint of the appellees, Farah and Farah, against appellant and the appellee First Federal Savings and Loan Association.

In this cross-complaint appellees, among other things, alleged "conspiracy and fraud" in the execution of the mortgage and failure of appellant to complete the construction of the property as agreed.

At the conclusion of appellees' evidence upon their cross-complaint, appellant filed a motion for a peremptory finding in its favor. This motion was overruled. Appellant stood on its motion and refused to proceed further. Judgment was for damages in the sum of $8,700.00 upon the cross-complaint against the appellant only.

No cross-errors are assigned, therefore our consideration is limited to appellant's assigned errors as they relate to appellees, Farah and Farah. The errors assigned and relied upon by appellant are as follows:

1. The overruling of its motion for peremptory finding at the conclusion of the evidence by appellees Farah and Farah upon their cross-complaint.

2. The overruling of appellant's motion for new trial, the grounds thereof being that the judgment was not sustained by sufficient evidence and was contrary to law.

The cross-complaint is a classic enigma of loose and confounding statements of history, conclusions, fact and opinion, from which this court is asked to determine the theory of appellees' cross-complaint. Appellees, for example, charge the appellant with "conspiracy to defraud," with "false and fraudulent representations, contrary to the Statute made and provided," and with "all the wicked, unholy and unlawful acts charged in this cross-complaint." Appellees made numerous statements regarding the construction of the house prior to their purchase of the same, which statements impugn appellant's integrity and characterize it as the "World's Worst Builder."

Yet at no place did appellees charge the appellant with any false representation related to any fact, past or present, which was relied upon by appellees to their injury or damage. Neither is there evidence of such facts. The essential elements for actionable fraud are absent from the case. See 37 C. J. S., Fraud, §3, p. 215; 23 Am. Jur., Fraud and Deceit, §20, p. 771. Therefore, we assume that the general finding of the trial court was not predicated upon the theory of fraud.

As heretofore stated the cross-complaint also charged appellant with failing to complete the construction of the house in accordance with its Construction Completion Agreement. There is evidence which supports this allegation.

However, if we are to assume that the court's findings and judgment were based upon this breach of contract, we are here also confronted with an insurmountable obstacle barring recovery upon this theory except for circumstances not appearing in this case. The general rule of law is well settled that the measure of damages for breach of a construction contract is the reasonable cost of completion, and that in event of long and unreasonable delay damages for loss of use may, under some circumstances, also be awarded. 25 C. J. S., Damages, §75, p. 569; 25 C. J. S., Damages, §77, pp. 573, 574; *Seavey* v. *Shurick* (1887), 110 Ind. 494, 11 N. E. 597.

There is no evidence recited in the briefs as to the reasonable cost of the construction necessary for completion, nor does a search of the record, made to support the judgment, disclose such evidence. Neither is there evidence as to the rental value of the property or the value of the use thereof, for the period during which construction was delayed. The evidence before us may support a judgment for nominal

damages only. *George B. Swift Co.* v. *Dolle* (1907), 39 Ind. App. 653, 80 N. E. 678. However, the judgment before us is for substantial damages and is therefore not sustained by sufficient evidence and is contrary to law.

It is urged by appellant that this court reverse the judgment and order the trial court to sustain the appellant's motion for a peremptory finding in its favor. The overruling of the motion was the first alleged error. However, to the contrary, it occurs to us that a judgment for nominal damages in favor of appellees upon their cross-complaint might well have been sustained under the evidence and therefore the overruling of the motion was not error. Furthermore we are of the opinion that substantial justice would be served by granting appellees an opportunity to properly present their case in a new trial.

Judgment is therefore reversed and with instructions that the trial court sustain appellant's motion for new trial.

Royse, P. J., not participating.

NOTE.—Reported in 108 N. E. 2d 638.