WHEELER, APPELLEE, *v.* SMIDT ET AL., APPELLANTS.

(No. 239—Decided October 15, 1957.)

*Messrs. Summers & Haupt,* for appellee.
*Mr. Robert M. Noll* and *Mr. Robert L. Hausser,* for appellants.

COLLIER, P. J. This appeal on questions of law is directed to a judgment of the Common Pleas Court of Washington

County, Ohio, setting aside the purported will of Marion W. Goodrich upon the grounds of mental incapacity and undue influence. No special interrogatories were submitted to the jury and, therefore, the general verdict of the jury in favor of the plaintiff must be taken as a finding in favor of the plaintiff on both issues.

The five assignments of error present only two questions of law to be determined in this appeal. First, that the verdict of the jury and the judgment of the court are against the manifest weight of the evidence; and, second, that the trial court erred in giving a special instruction to the jury as requested by the plaintiff before argument.

In disposing of the first assignment of error, it will be necessary to consider the evidence as disclosed by the record. It was a lengthy trial, a great number of witnesses were called, and the record consists of 342 pages; and any attempt to analyze all the testimony and the exhibits would extend this opinion to an unreasonable length and would serve no useful purpose.

Marion W. Goodrich, the widow of Dr. Charles Goodrich, a college professor, was 59 years of age when the will was executed on April 28, 1955. She was a very intelligent person with a college education. She was the only child of Francis and Charlotte J. Wheeler. Her father died in 1944, and her husband died in 1953. Charlotte J. Wheeler, her mother and the plaintiff in this cause, was 86 years of age at the time of the trial.

For about two years prior to the execution of the will, the testatrix had been suffering from diabetes and an impaired heart, due to general arterio sclerosis, including coronary sclerosis and cerebral edema. According to the testimony of Dr. Stewart, her attending physician, prior to and after the day of the execution of the will there was a marked deterioration of her memory; she could not remember recent events such as whom she had seen and what food she had eaten only a few hours before; she had broken with reality and suffered mental aberrations due to cerebral edema; she imagined she had been out riding with the queen and had lunched with her; and she could not remember things that went on during a conversation with the doctor.

Mrs. Wheeler, the mother of the testatrix, testified as fol-

lows: "She imagined all kinds of things, visitors that never came, King George and Queen Mary and Ethel Barrymore, and she would say now we must get out our best service and treat them nice, then forget about it, it would leave her that quick." The same witness also said: "Yes, I knew she was trying to make a will, she would write a little bit and the first thing I knew she didn't know nothing."

Defendants rely strongly upon the diaries written by the testatrix during the period involved. An examination of these diaries reveals that the testatrix was capable of observing and recording daily events most of the time, but they also disclose that she was at times mentally confused. As an example, on December 6, 1954, she wrote: "I feel very confused in my mind. Can't remember things, such as what year this is, what my age is, what I have been doing earlier in the day, etc. Have strange ideas in back of my mind. Don't know what's the matter." And on the following day, she wrote: "Feel funny and confused in my head. Sort of like dreams go through it. I need Goody to take care of me." On March 3, 1955, she wrote: "My memory is going so fast. Hope I won't be a burden to anyone." These daily entries are short. They do not evidence the mental ability and stability which would be required for the preparation and execution of a will four pages long and disposing of an estate of approximately $41,000.

On the issue of mental incapacity the evidence is conflicting. We refer to the testimony of the two witnesses and the diaries kept by the testatrix simply to point out that there is competent and credible evidence in the record to support the verdict of the jury. This evidence must be viewed in the light most favorable to the plaintiff. Where conflicting inferences may be drawn from the evidence, the inference most favorable to the party prevailing in the lower court will be accepted by a reviewing court. *Industrial Commission* v. *Pora,* 100 Ohio St., 218, 125 N. E., 662.

On the issue of undue influence the evidence is less substantial but, in our opinion, a consideration of all the evidence showing the circumstances under which the will was prepared and executed, the nature and extent of the property, the relation of the parties, the source of acquirement of the property, the

mental and physical condition of the testatrix and the manner of disposition of the property, is sufficient to present a question for the jury to decide. We do not consider any further discussion of this issue necessary.

We have no difficulty in disposing of the other contention of the defendants in regard to the trial court's improperly giving a special written instruction before argument as requested by the plaintiff. The record does not disclose any objection to the court's giving this instruction. In *Kennard, a Minor,* v. *Palmer, a Minor,* 143 Ohio St., 1, 53 N. E. (2d), 908, at page 6 of the opinion, Judge Zimmerman said: "If a party believes a tendered instruction does not contain a correct or applicable statement of the law, he should note an objection in order to predicate error upon the giving of such instruction. Section 11560, General Code." This statute has been succeeded by Section 2321.03, Revised Code, which contains the same language as the former section. See, also, *Blake* v. *Hansley,* 66 Ohio Law Abs., 294, 116 N. E. (2d), 827. The provision of this statute, dispensing with exceptions to the court's general instructions, does not apply to a special instruction requested by a party. In the absence of such objection or exception, as in the instant case, the question is not subject to review. However, we have examined the instructions complained of and find no prejudicial error therein. The trial court's general charge, when taken in connection with the special instructions submitted by counsel, covers the law in this kind of case fully and completely. The case was very well tried both by the court and counsel. The record shows a minimum of objections, interruptions, etc., which is always commendable.

After a careful examination of the entire record, we find no error prejudicial to the appellants and, therefore, the judgment must be, and is hereby, affirmed.

*Judgment affirmed.*

GILLEN and RADCLIFF, JJ., concur.