## WYATT *v.* WYATT ET AL.

[No. 19,140. Filed March 31, 1960. Rehearing denied May 13, 1960. Transfer denied July 5, 1960.]

1

*William R. Johnson* and *Bert F. Wood,* both of Terre Haute, for appellant.

*Lloyd C. Adamson,* of Terre Haute, for appellees.

Ax, J.—This is an action brought by appellees to quiet title to real estate and to enjoin appellant from committing alleged acts of trespass thereon. Appellant filed a counterclaim wherein he sought to quiet title to a part of such real estate.

The issues were formed by appellant's answer under Rule 1-3 to both paragraphs of the amended complaint and by the appellees' answer to appellant's counterclaim.

Trial was had by court without the intervention of a jury, and upon written request by appellees, the court made its special findings of fact favorable to appellees on their first paragraph of amended complaint and stated its conclusions of law that the law was with the appellees and against appellant, and that appellees were entitled to have their title to the real estate described in their amended complaint quieted as against all claims of the defendant, his heirs, devisees and legatees. Judgment was entered accordingly.

No motion for new trial was filed, and appellant seeks a review only on alleged errors in conclusions of law which were properly excepted to at the time.

Appellant urges his assignment of error No. 1, that the court erred in its conclusion of law No. 1, and also assignment of error No. 5, that the court erred in its conclusion of law No. 5. The court's conclusion of law No. 1 reads as follows:

"The law is with the Plaintiffs and against the Defendant on Paragraph Number 1 of Amended Complaint."

The court's conclusion of law No. 5 reads as follows:

"Plaintiffs are entitled to have their title to real estate described in Plaintiffs' Amended Complaint quieted as against all claims of the Defendant, his heirs, devisees and legatees."

Appellant contends that there is no finding of fact by the court that the appellees were the owners in fee simple of such real estate at the time this action was commenced or at any time during the pendency of this action, nor was there any finding of fact that appellants were asserting any claim or interest therein adverse to the appellees which was a cloud upon their title. These were necessary and essential facts to be found by the court in order to entitle appellees to recover in this case. *Kerfoot* v. *Kessener* (1949), 227 Ind. 58, 84 N. E. 2d 190; *Dickason* v. *Dickason* (1939), 107 Ind. App. 515, 18 N. E. 2d 479, 25 N. E. 2d 1014; *Bryant* v. *Barger* (1939), 106 Ind. App. 245, 18 N. E. 2d 965, 968.

Prior to the enactment of Rule 2-30 of our Supreme and Appellate Courts, on the basis of the above referred to cases, it would have been obligatory upon this court to have ordered a new trial in this cause. The well-established rule that the failure to find a fact within the issues was in effect a finding against the party with the burden of proof. In order to alleviate the apparent

harshness of such holdings in some cases, the Supreme Court adopted Rule 2-30 which provides:

"Special Findings of Fact on Appeal. When special findings of fact are made in an action tried by the court without a jury and the court fails to find on some material issue of fact, on appeal from the judgment the reviewing court may either affirm the judgment if it is supported by undisputed evidence, or vacate the judgment and remand the action for findings on the material issues of fact. Adopted October 15, 1957. Effective January 1, 1958."

We believe this case at bar to be one for the application by this court of the aforesaid Rule 2-30. See comments 5 and 7, §1732, pp. 78 and 80 (Supp.), Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice*. Also, see discussion of Rule 2-30 in Vol. 33, No. 2 of Indiana Law Journal, pp. 273-287, "The Effect of an Omitted Special Finding of Fact."

Looking at the conclusions of law made by the court below, it is apparent that the court below construed an instrument in the chain of title to appellant as being an easement only, and that appellees' claim to ownership of the property in question was well founded. Therefore, we are of the opinion that we should apply Rule 2-30.

Judgment of the court below is ordered vacated and this action is remanded with instructions that the court make findings on the specific issues of fact not inconsistent with this opinion.

Myers, C. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 165 N. E. 2d 768.