PITTS AND JONES v. STEWART.

[No. 19,523. Filed December 19, 1962. Opinion on Rehearing November 5, 1964. Mandate Clarified December 2, 1965.]

*Taylor & Taylor,* of Sullivan, and *Mann & Mann,* of Terre Haute, for appellant, Pitts. *Tennis & Cochran,* of Sullivan, and *Gambill, Cox, Zwerner & Gambill,* of Terre Haute, for appellant, Jones.

*Berry, Kincade and Allen,* of Terre Haute, for appellee.

MYERS, J.—This is an action for damages for alleged personal injuries sustained by appellee and claimed to have been received in a multiple automobile collision in which both appellants are said to have been at fault. Trial was had by the court without the intervention of a jury, and the Judge found that both appellants were jointly negligent and assessed damages in the sum of $15,000. Consistent judgment was rendered from which appellants have appealed.

The facts in this case most favorable to the appellee are as follows: At about 3:00 o'clock p.m. on July 3, 1959, appellee Max Stewart, was driving his automobile in an easterly direction on U. S. Highway No. 40 between Terre Haute and West Terre Haute in the State of Indiana. This stretch of road is a four-lane highway with no divider strip, but a set of yellow lines marking the center. The two lanes to the south were used by motorists traveling east and the two lanes to the north were used by motorists going westward. At the same time, appellant, Kenneth Jones, was operating his automobile in a westerly direction on this highway. Jones was afflicted with chronic diabetes and had been so afflicted for approximately ten years. He was in the habit of regularly taking medication in the form of insulin for treatment and control of his diabetic condition. He had taken treatment on the morning of July 3, 1959. Prior thereto, Jones had been subject to and had suffered attacks of "insulin shock" which had resulted in extreme nervousness and loss of consciousness. Having experienced such "insulin shock," Jones was aware of the symptoms which heralded these attacks. When he felt them coming on, he counteracted the adverse effects of insulin by consuming sugar.

On July 3, 1959, Jones was driving west on U. S. No. 40 when he felt the symptoms coming on and realized he was going to have an attack which might render him unconscious. Instead of driving off the highway at one of a number of points west of the Wabash River bridge which separates Terre Haute from West Terre Haute, stopping and consuming some sugar candy which he had in his car, Jones continued driving westward on U. S. No. 40 in an attempt to get to a highway separation known as the "Y," about a mile west of the bridge, where he planned to stop. He did not make it. As he neared the bridge, he began to lose consciousness and his car went out of control. It began to weave and cross from the far right lane over the center line and into the inner-lane for west-bound traffic, then back across the center line to swerve to the far north edge of the highway, coming to a stop against a concrete retaining wall, grazing it in the process.

There were two cars being operated westward behind Jones. The first was driven by a person unknown and the second by appellant Pitts. They were in the process of getting into position to pass Jones when Jones began to lose consciousness and his vehicle went out of control. As the Jones car began to swerve in the highway, the first car managed to pass it and successfully avoided any contact with it. Appellant Pitts allowed his automobile to cross the center line into the eastern innerlane of traffic where it collided with the vehicle driven by appellee herein. There was positive evidence that when the cars came to a stop after the crash, the front end of Pitts' automobile remained across the center line. This was sufficient to enable the court to base a finding that the car driven by Pitts struck the automobile driven by appellee.

In its special findings of facts, the court found that Pitts was negligent in the following particulars:

"11.  * * *

"(d)  The defendant Pitts negligently operated his vehicle across the center line of said highway and into the east-

bound traffic lane then and there being used by the plaintiff;

"(e) The defendant Pitts negligently failed to keep his vehicle under reasonable control and operated it across the center line of said highway and into a collision with the plaintiff's vehicle;

"(f) The defendant Pitts negligently failed to stop his vehicle before crossing the center line and colliding with the vehicle driven by the plaintiff."

The court also found that the appellee was not guilty of contributory negligence.

Appellant Pitts asserts that there is no evidence in the record from which the court could find that he was negligent. As we have seen, the record reveals that at the time of impact the front end of Pitts' car was across the yellow center line. The pertinent part of the applicable statute provides as follows:

"Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:

"* * *." (None of the statutory exceptions are applicable to the facts of this case.) Section 47-2010, Burns' Ind. Stat., 1952 Replacement (Supp.).

The violation of this section is *prima facie* evidence of negligence. *Freeport Motor Casualty Co.* v. *Chafin* (1960), 131 Ind. App. 362, 170 N. E. 2d 819. If the evidence discloses that compliance with the statute was impossible due to circumstances beyond the control of the one charged with violating the statute, and there is no evidence of negligence on his part, this is a legal excuse for violating the statute. (Idem.) The duty of coming forward with evidence to show such circumstances is upon the motorist who violated the statute. *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896. The motorist in this case was Pitts. No evidence of any kind was introduced by him in his defense. He did not testify on his own behalf, nor did he call any witnesses to testify in his favor. It is true that he did testify

as a witness called by appellant Jones, wherein he stated his account of the accident. It was in complete conflict with the testimony of five other witnesses, and it is obvious that the court disregarded it in making its findings of facts. Having failed to meet the burden of coming forward with some evidence to offset his violation of the statute, Pitts was negligent as a matter of law. *Thompson* v. *Ashba* (1951), 122 Ind. App. 58, 102 N. E. 2d 519. Thus the court committed no error in finding against Pitts on the ground of negligence.

Appellant Jones asserts that the decision against him is contrary to law because the court did not find a causal connection between Jones' negligence and appellee's injuries, and, accordingly, the court's conclusion that the law was against Jones and with appellee is not supported by the findings of facts. The crucial findings relative to this issue are contained in the court's Finding No. 11 and read as follows:

"(a) The defendant Jones negligently persisted in operating his automobile when he knew or should have known that he was about to suffer an attack of insulin shock which might and did result in his unconsciousness and loss of ability to control the movements of his automobile;

"(b) The defendant Jones negligently failed to keep his motor vehicle under reasonable control and failed to stop said vehicle without operating it into other traffic lanes;

"(c) The defendant Jones failed to operate his vehicle in his traffic lane and lost control of it and ran it into the other lanes of traffic."

These findings certainly establish negligence on the part of Jones, but they in no way show that these acts of negligence proximately caused the collision. There is no finding that Jones collided with any one, although there was conflicting evidence in the record to the effect that the Jones automobile struck the rear end of appellee's vehicle just prior to the time Jones swerved across the highway and came to a stop against the retaining wall. The findings do not show that Jones' actions forced or impelled either Pitts or

appellee to change their lanes of travel. There is an absence of any finding of a necessary ultimate fact to sustain the judgment against Jones. However, as it appears that there was some evidence from which the court could have found that there might have been a causal connection between the negligent acts found to have been committed by Jones and the injuries found to have been sustained by appellee, we have decided that the interests of justice require us to exercise our discretion under Supreme Court Rule 2-30. This rule reads as follows:

> "When special findings of fact are made in an action tried by the court without a jury and the court fails to find on some material issue of fact, on appeal from the judgment the reviewing court may either affirm the judgment if it is supported by undisputed evidence, or vacate the judgment and remand the action for findings on the material issues of fact."

See *Wyatt* v. *Wyatt et al.* (1960), 131 Ind. App. 1, 165 N. E. 2d 768.

The judgment is hereby affirmed as to appellant Pitts. It is vacated and remanded for further findings, with instructions that the court make findings on the specific issues of fact consistent with this opinion as to appellant Jones.

NOTE.—Reported in 186 N. E. 2d 800.