PULS, APPELLANT, *v.* I. & S. TRAILWAYS, INC., APPELLEE.

(No. 10735—Decided March 31, 1969.)

*Mr. James G. Andrews, Jr.*, for appellant.
*Mr. Milton M. Bloom* and *Mr. Gordon C. Greene*, for appellee.

HESS, J. This is an appeal on questions of law from a judgment for the defendant entered by the Court of Common Pleas on the verdict of a jury, and from the overruling of plaintiff's motion for judgment notwithstanding the verdict and for a motion for a new trial. The parties will be referred to herein as they appeared in the Court of Common Pleas.

The record discloses that on September 8, 1959, the plaintiff was riding in the center of the rear seat of a Chevrolet automobile, hereinafter referred to as Chevrolet, being operated by her husband in a westerly direction on Route No. 46 in the state of Indiana; that Route No. 101 intersects and runs southerly from Route No. 46 and, opposite it, St. Mary's Road runs northwardly. St. Mary's Road may be considered as an extension of Route No. 101 to create an intersection, at the northwest corner of which was a service station and restaurant.

The Chevrolet was proceeding westwardly on Route No. 46 at a speed of about fifty miles an hour, and for about a mile before it reached the intersection described, the defendant's bus approached and trailed the Chevrolet at a distance of about two hundred feet.

At about the time the Chevrolet entered the intersection it had reduced its speed to about thirty-five miles an hour, and the bus closed the distance between it and the Chevrolet to about seventy-five to one hundred feet. Immediately thereafter, the Chevrolet came to a stop in the

motor travel portion of the road and, in trying to pass it, the right front of the bus struck the left rear of the Chevrolet.

The plaintiff claims she received a flexion extension injury to her cervical spine in the collision between the Chevrolet and the bus, for which injury she seeks damages against the defendant.

In her appeal the plaintiff makes the following assignments of error:

"1. The trial court erred in overruling plaintiff's motion for judgment notwithstanding the verdict; (2) the trial court erred in overruling the plaintiff's motion for a new trial; (A) the verdict and judgment rendered thereon is against the manifest weight of the evidence and is contrary to law; (B) the trial court erred in reading special charge No. 9 to the jury; (C) the trial court erred, prejudicially and repeatedly, in its general charge to the jury."

Misconduct of counsel for defendant is also listed as an assignment of error.

The situs of this accident is the state of Indiana, and the parties are bound by the motor vehicle laws of that state in effect at the time of the collision in question.

In the instant case the trial court was primarily concerned with Sections 47-2004, 47-2023, 47-2024 and 47-2120 of the Indiana statutes.

The applicable portion of Section 47-2004 provided, at the time of the accident:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use due care.
"* * *

"(d) The driver of every vehicle shall, consistent with the requirements in subsection (a), drive at an appropriate reduced speed when approaching and crossing

an intersection * * * , when traveling upon any narrow or winding roadway, and when special hazards exist with respect to * * * other traffic by reason of weather or highway conditions.''

Section 47-2023 requires that:

''(a) No person shall slow down or stop a vehicle, or turn a vehicle from a direct course upon a highway, unless and until such movement can be made with reasonable safety, and then only after giving * * * an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.

''* * *

''(c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.''

Section 47-2024 provides:

''(a) Any stop or turn signal when required shall be given by means of the hand and arm or by a signal lamp or lamps or mechanical signal device, except as otherwise provided in paragraph (b).''

Paragraph (b) describes the class of vehicles on which signal devices are required. The Chevrolet is included in the class of vehicles on which signal devices are required.

The law governing stopping a vehicle on the highway is found in Section 47-2120:

''(a) Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop * * * such vehicle off such part of said highway, but in every event, a sufficient unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.''

The issue presented by the first assignment of error by the plaintiff relative to the overruling of the motion for judgment notwithstanding the verdict could not be enter-

tained by the trial court for the reason that unliquidated damage is in issue and, unless waived, the jury determines the amount of damage—not the court.

The second assignment of error contains three specifications why the motion for a new trial should have been granted. Specification "A" complains that the verdict is manifestly against the weight of the evidence.

To determine whether the verdict is manifestly against the weight of the evidence, the court must consider all the evidence presented at the trial. If reasonable minds could come to no other conclusion than to find from all the evidence and the law that defendant was negligent, and that its negligence was the sole and proximate cause of any injury to the plaintiff, then it would have been the duty of the court to grant a new trial.

A reading of the transcript in this case discloses that there is ample evidence on which the jury could have found the plaintiff and defendant each negligent, and that the negligence of the plaintiff's driver was the proximate cause of the collision; or the jury could have found that the sole and proximate cause of any injury received by the plaintiff was the violation of the stopping provision of the Indiana statute quoted above, or that the driver of the Chevrolet failed to give the stop signal required by the Indiana law quoted herein and that that failure was the proximate cause of the collision.

Where the evidence is in conflict relative to the violation of traffic laws, the jury is required to determine the true facts. In making this determination it may believe all, part or none of the testimony of any witness.

There was no special verdict presented to the jury in this case wherein it was obliged to divulge any specific finding in relation to negligence or proximate cause.

Apparently, the plaintiff construes the Indiana speed statute (Section 47-2004) to be the same as the Ohio speed statute (Section 4511.21, Ohio Revised Code) and, therefore, contends that the rear-end collision decisions in Ohio should be controlling. In support of this contention, the plaintiff cites *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896. This case approved *Bush* v. *Harvey Trans-*

*fer Co.,* 146 Ohio St. 657. Other Indiana cases definitely establish that the violation of a statutory requirement concerning the operation of a motor vehicle is negligence per se unless a legal excuse or reason for such violation is established. *Pitts* v. *Stewart,* 138 Ind. App. 102, 186 N. E. 2d 800; *Jenkins* v. *Fort Wayne,* 139 Ind. App. 1, 210 N. E. 2d 390; *Carbon* v. *Johnson,* 141 Ind. App. 369, 228 N. E. 2d 52. These cases definitely establish negligence on behalf of the defendant in the instant case, but they do not preclude the defendant from proving the proximate cause of the collision was not the negligence of the defendant.

A pertinent question to be determined in the instant case is whether there was evidence presented to the jury which would justify or support the conclusion by the jury that any negligence of the defendant did or did not contribute to the proximate cause of the collision.

The following testimony of the driver of the defendant's bus would be sufficient for the jury to find the negligence of the defendant was not the proximate cause of the collision:

"Q. Now, then, getting back to the day of the accident, sir, when was your attention first directed to the stationwagon, I think it was a Chevrolet stationwagon, that Mr. Puls was driving west on State Route 46? A. When did I first notice it?

"Q. Yes, sir. A. I followed it down the road for about a mile I would say.

"Q. As you were following Mr. Puls' automobile for approximately a mile approaching St. Mary's Road, what was you approximate speed? A. About 50 miles an hour I would say.

"Q. And what was Mr. Puls' speed? A. It was about the same.

"Q. And tell the members of the jury approximately how far behind his car you were during that entire mile as you were following him? A. Oh, 200 feet.

"Q. Now, then, do you recall Mr. Puls entering the intersection or crossing the intersection of 46 and St. Mary's Road on that occasion? A. Yes sir.

"Q. I will ask you to state, Mr. Leffler, whether or not

Mr. Puls slowed down his car as he entered the intersection or was crossing the intersection? A. He slowed down, yes, about 35 miles an hour.

"Q. And when he slowed down to 35 miles an hour, sir, did you slow down your bus? A. I slowed and stayed back of him, yes, sir.

"Q. As Mr. Puls was crossing the intersection of St. Mary's and Route 46 when he slowed down, how far behind him were you then? A. I was just about 75 to 100 feet back of him.

"Q. Now, then, in your own words, Mr. Leffler, would you please tell the jury exactly what happened after he crossed the intersection? A. Well, after he crossed the intersection why he just set his brakes on I guess and made a sudden stop right in the middle of the lane, the right lane, in his lane, my lane.

"Q. And before he stopped I will ask you to state whether or not there were any lights on the back of his car that disclosed he was stopping. A. No, sir.

"Q. I will ask you to state, sir, whether or not he gave you any hand signal at the time that he stopped. A. No, sir.

"Q. I will ask you to state, sir, whether or not the stop was sudden or it was gradual. A. His stop was sudden."

There is sufficient evidence presented in the record to establish the proximate cause of the collision was the failure of the driver of the Chevrolet to conform to the statutes requiring him to give an intention to stop signal, or to clear the travel portion of the road before stopping. 3 Indiana Law Enclyclopedia 489, Automobiles, Section 132; *Zink* v. *Radewald*, 369 F. 2d 253. The validity of the legal excuse of the defendant and the determination of the proximate cause are questions to be determined by the jury under the Indiana law. *Freeport Motor Cas. Co.* v. *Chafin*, 131 Ind. App. 362, 170 N. E. 2d 819; *Beem* v. *Steel*, 140 Ind. App. 512, 224 N. E. 2d 61.

It would, therefore, appear that the Ohio cases presented in the plaintiff's brief do not control the resolution of the liability issues in the instant case.

In branches "B" through "D" of plaintiff's assignment of error No. 2, the plaintiff strongly attacks the court for presenting a "patently absurd" general charge and counsel for the defendant for coarse and unrestrained argument. Although the record does disclose heated argument by counsel, there was no prejudicial error committed in relation to arguments. No objection was made by counsel for plaintiff during defendant's arguments. 3 Ohio Jurisprudence 2d 78, Appellate Review, Section 213.

In subsection "B" of assignment of error No. 2, the plaintiff contends that special charge No. 9 given by the trial court is erroneous. Special charge No. 9 reads as follows:

"Number nine: I charge you that Section 47-2023 subsection (a) of the Statutes of Indiana in force and effect on or about September 8, 1959, provided in pertinent parts. as follows:

" 'No person shall slow down or stop a vehicle * * * unless and until such movement can be made with reasonable safety, and then only after giving * * * an appropriate signal * * * in the event any other vehicle may be affected by such movement.'

"I further charge you that subsection (c) of Section 47-2023 of the Statutes of Indiana in force and effect on or about September 8, 1959, provided in pertinent parts as follows:

" 'No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal * * * to the driver of any vehicle immediately to the rear when there is an opportunity to give such signal.'

"I further charge you that the statutes of Indiana in force and effect on or about September 8, 1959, provided that the signals required as above set forth may be made by means of signal lamps or by the hand and arm from the left side of the vehicle extended downward.

"If you find that the operation of the vehicle in question by Joseph A. Puls immediately before the collision in issue was such that he was required to give such signal, his conduct made a prima facie case of negligence in respect to the ensuing collision,

"If you further find that said negligence was the sole proximate cause of the accident in question and ensuing injuries, if any, to Mrs. Puls, your verdict must be for the defendant."

That charge is in keeping with the statutes and case law in Indiana, and its legal import has been discussed. Further, it appears that there was no objection presented by counsel for plaintiff when comment on the special charges was called for by the trial court. *Wheeler* v. *Smidt*, 105 Ohio App. 550; *Kennard* v. *Palmer*, 143 Ohio St. 1.

Finally, we come to the consideration of plaintiff's assignment of error in which it is claimed that the general charge of the court is erroneous, prejudicial to plaintiff and "patently absurd."

It will be observed that the general charge of the court was in keeping with the law of Indiana. The plaintiff had the opportunity to suggest any corrections in the charge before the jury began its deliberation, but none was suggested. We find no error in the general charge prejudicial to the plaintiff.

It follows that the judgment on the verdict in favor of defendant should be, and it hereby is, sustained.

*Judgment affirmed.*

SHANNON, P. J., and HILDEBRANT, J., concur.