HOLCOMB ET AL. *v.* MARY E. MILLER.

[No. 769A118. Filed June 1, 1971. Transfer denied September 2, 1971]*

*Isadore D. Rosenfeld, William E. Voor, Jr.,* of South Bend, for appellants.

*Roland Obenchain,* of South Bend, for appellee.

OPINION ON REHEARING

SULLIVAN, P.J.—Plaintiffs-Appellants herein contend that the trial court erred in granting Defendant-Appellee's Motion for New Trial. Plaintiffs' complaints alleged damages for personal injury and for medical expenses occasioned by the negligent operation of a motor vehicle by defendant. Trial resulted in verdicts by the jury for both plaintiffs against defendant.

Defendant's Motion for New Trial asserted, insofar as pertinent, that the verdict was not sustained by sufficient evidence. The Motion was accompanied by a Memorandum which stated:

"(a) The uncontroverted evidence established that the defendant was unable to control the operation of her automobile because she experienced a sudden and unanticipated loss of consciousness later diagnosed as an epileptic seizure resulting from an old head injury.

"(b) The only specification of negligence in the complaint is that defendant 'carelessly and negligently drove and propelled her said automobile' over the center line.

"(c) Taking the greater weight of the evidence as a whole, it established that defendant's statutory violation was excusable because under the circumstances established compliance was impossible."

The trial court sustained the Motion and granted a new trial. In doing so, on May 2, 1969, the trial judge was not bound by the provisions of Trial Rule 59(E) of the Indiana Rules of Procedure which became effective January 1, 1970, and which rule requires that the judge set forth supporting *and the opposing* evidence upon each issue relied upon in the granting of the new trial.

On May 19, 1969, however, the trial court filed its Statement

of Reasons for its decision which contains the trial judge's assessment of the evidence.

"In these two cases, consolidated for the purpose of trial and appeal; the sole allegation of negligence is that 'the defendant carelessly and negligently drove and propelled her said automobile from the west lane for south bound traffic into the east lane for north bound traffic and into the front end of the automobile . . . with great force and violence.'

"The plaintiff Charlotte Holcomb, driver of the plaintiff's car, testified that she saw the defendant's car approaching her, watched the car and could see no driver in it.

"The second eye witness testified that he was driving north and saw the defendant's automobile coming toward him and that, as the cars passed, he saw the driver of defendant's car with her head lying back on the back of the front seat.

"The defendant testified that her last recollection was passing a traffic signal; that she passed out and woke up in a hospital emergency room.

"The final witness heard the crash, went immediately to the scene and found the defendant lying on the back seat of the car, shaking, her eyes closed and she was frothing at the mouth.

"Dr. Petrass diagnosed the defendant's seizure at the time of the occurrence as epileptic in nature.

"This uncontradicted evidence discloses that at the time the defendant drove her automobile from the south bound lane into the north bound lane and struck the plaintiff's automobile she was in the course of an epileptic seizure never before experienced; e.g., that she was suddenly stricken by a spell of unconsciousness from an unforeseen cause and by reason thereof was unable to control the motor vehicle which she was driving.

"For these reasons the motion for new trial is granted."

This appeal was previously submitted to Division One of the Court and by majority opinion of that division the judgment below was affirmed. The four members of the division, however, split evenly upon the question of appellants' Petition for Rehearing. Thereupon, the matter was transferred to the Supreme Court. That tribunal remanded the cause to this

court with instructions to submit the Petition for Rehearing to the full court en banc. Subsequently, on May 11, 1971, this court granted appellants' Petition for Rehearing and withdrew the opinions theretofore issued and published on December 21, 1970.

Under the rule enunciated in *Landers* v. *McComb Window and Door Co.* (1969) 145 Ind. App. 38, 248 N. E. 2d 358, we are restricted in our consideration of the propriety of the trial court's ruling to the specific reasons set forth in granting the motion for new trial. Since we herein determine that as a matter of law the sole reason stated by the trial court for granting defendant a new trial was incorrect, we do not reach that phase of judicial review which concerns the application of the standards set forth in *Bailey* v. *Kain* (1963) 135 Ind. App. 657, 192 N. E. 2d 486.

The trial judge below quite clearly did not see his ruling upon the Motion for New Trial as one which involved weighing conflicting evidence, for in his ruling he quite clearly stated that in his opinion the evidence recited by him which bore upon the ultimate factual issue was uncontradicted. To be sure the specific and isolated testimonial portions of the record set forth by the trial judge were not elsewhere or by any other witness controverted. The fact remains, however, that as a matter of law those evidentiary recitations by the trial judge do not support the conclusion reached by him to the effect that the defendant "was *suddenly* stricken by a spell of unconsciousness from an *unforeseen* cause." (Emphasis supplied). To the contrary, those factual matters referred to by the trial court do not bear even indirectly upon the essential element of defendant's defense, i.e., the unforeseeability or suddenness of her seizure.

It is without question that defendant's asserted seizure in order to effectively excuse her failure to control the vehicle must have been shown by a preponderance of the evidence to have occurred without fair warning or under such circumstances as to preclude her from taking

reasonable precautions whether by pulling to the side of the street to await passage of the dizziness or faint spell, or otherwise. The burden of producing such evidence is upon the person seeking to assert such defense. *Larkins* v. *Kohlmeyer* (1951) 229 Ind. 391 at 400, 98 N. E. 2d 896; *Pitts and Jones* v. *Stewart* (1962) 138 Ind. App. 102, 186 N. E. 2d 800.

For the foregoing reason, the decision of the court below is reversed and the cause remanded with instructions to reinstate the verdicts of the jury and enter judgments thereon.

Hoffman, C.J., Buchanan, Lowdermilk, Robertson, Sharp, Staton, JJ., concur; White, J., not participating.

NOTE—Reported in 269 N. E. 2d 885.