ALLIED ENGINEERING & FABRICATION, INC. *v.* JOSAM
MANUFACTURING CO.

[No. 670A90. Filed December 28, 1971.]

*Joseph D. Anderson, Patrick, Anderson, McDonald & Perry,* of South Bend, for appellant.

*Isadore D. Rosenfeld,* of South Bend, *Alvin D. Blieden,* of Michigan City, for appellee.

STATON, J.—This is an appeal from the Court's order granting the Defendant, Josam Manufacturing Company's, "Motion for New Trial." We will refer to the Appellant as "Allied" and to the Appellee as "Josam" in this opinion.

Allied agreed to install an automatic scrap handling system for Josam at a price of $48,830.00. Allied started but did not complete the installation work. Josam completed it. Allied filed an "Amended Complaint" on October 31, 1969, alleging that it was prevented by Josam from entering the premises

to finish the scrap system and that $5,874.38 was due from Josam for additional material not related to the scrap system. Allied's prayer was for a total of $32,496.88 plus interest since $22,207.50 had been paid on the agreed price by Josam. Josam filed an "Answer" in general denial, and a "Cross-Complaint" which sets forth payments to Allied and alleged damages of $5,384.52 in excess of the agreed installation price which resulted from having to complete the scrap handling system themselves. Additional issues raised, such as: (1) whether the scrap handling system was of a "unique and experimental nature", (2) whether the scrap system was to be delivered on a "turn-key basis", (3) the amount due from Josam, if any, for additional material and equipment unrelated to the scrap handling system, (4) failure of Allied to complete the installation, and (5) cost of completion were all to be submitted to the jury. The jury returned a verdict for Allied in the sum of $30,356.80.

Josam filed a "Motion for New Trial" which was granted by the Court. The ruling of the Court on the "Motion for New Trial" is as follows:

"Comes now the Court and having heard oral argument on the Motion of the defendant for a New Trial heretofore filed, with Memorandum in support thereof, and upon plaintiff's Response and Memorandum, now sustains said Motion and the following specifications:

'1. That the verdict is not sustained by sufficient evidence.'

The Court finds that sufficient evidence was not presented by the plaintiff to entitle it to recover on the extras in the sum of $5,874.38.

'5. Error of law occurring in the trial and excepted to by the defendant in the following particulars: A. Error in sustaining the objection in the opening statement of counsel to the expenditures of any money by the Defendant in connection with the automatic scrap handling system, all as more specifically set forth in the Cross-Complaint . . .' "

The Court finds in Preliminary Instruction No. 2 the jury was instructed in the last paragraph of said Instruction:

"In addition to the denials of the allegations of the plaintiff's complaint by the defendant, the defendant has filed a cross-complaint against the plaintiff alleging that the plaintiff failed, refused and was unable to complete its agreements related to the scrap-handling system, and that, therefore, the defendant was required to complete the scrap-handling system at an expense over and in excess of the purchase price originally agreed upon by the parties herein in the amount of $5,384.52, and seeks judgment in that amount, plus interest and the costs of this action."

Said instruction was prepared by the plaintiff and submitted to the Court and the Court so instructed the jury as to the issue being formulated upon the complaint and cross-complaint and the refusal of the Court to deny the Preliminary Instruction or overrule the objection, coupled with the fact that in the Final Instruction, Instruction No. 8 and most particularly Instruction No. 13, confused the jury as to their duty and were tantamount to directing a verdict for the plaintiff. The Preliminary Instruction appraised the jury of the filing of the cross-complaint. The Court erred in refusing to admit evidence regarding the cross-complaint. Final Instruction No. 13.

"The Court instructs the jury that there being no evidence offered by Josam in support of its cross-complaint, the jury may disregard the cross-complaint," told the jury that the defendant Josam had failed to offer any evidence on said cross-complaint. The Court by sustaining the objections of the plaintiff did not permit the defendant to offer such evidence, which ruling of the Court constitutes error of law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the verdict of the jury heretofore returned and filed on December 6, 1969, and the judgment of the Court in said cause be set aside and this cause be set for trial by jury on the 21st day of July, 1970."

Allied's contention is that the trial court committed reversible error by granting Josam's "Motion for New Trial." We do not agree with this contention. The first error recognized by the Court in its ruling is that "sufficient evidence was not presented by the plaintiff [Allied] to entitle it to recover on the extras in the sum of $5,874.38." When reviewing the granting of a motion for new trial, "* * * we are restricted in our consideration of the propriety of the

trial court's ruling to the specific reasons set forth in granting the motion for new trial." *Holcomb* v. *Miller* (1971), 149 Ind. App. 46, 25 Ind. Dec. 626, 269 N. E. 2d 885, 887. The specific reason set forth by the trial court is as follows:

> "1. That the verdict is not sustained by sufficient evidence."

No other reason is given by the Court for granting the motion for new trial on this issue which is the payment of extra unrelated materials in the sum of $5,874.38. The trial court's ruling was made on March 18, 1970, which is approximately two and one-half (2½) months after TR. 59 (E) (7) became effective. The applicable parts of this Rule are as follows:

> "Such findings shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the finding *shall relate the supporting and opposing evidence* to each issue upon which a new trial is granted; * * *" (Our emphasis.)

The Civil Code Study Commission Comments are of further enlightenment:

> "[P]rior law held that a general statement of reasons was adequate. * * * The practice of allowing the reasons to be stated in general terms is retained except that special findings of fact upon each element of the claim * * * or defense is required and the supporting and opposing evidence must be related when a new trial is granted over the verdict of a non-advisory jury found to be against the preponderance of the evidence." *Holcomb* v. *Miller, supra,* 269 N. E. 2d at 886. [See 4 Ind. Prac.-Rules of Civ. Pro.-117].

The trial court has not complied with the mandatory requirements of TR. 59 (E) (7), and the issue of payment for the extra equipment should be remanded with instructions to set out the supporting and opposing evidence on this issue.

The court has further stated as error the sustaining of Allied's objection to an opening statement by Josam regarding "expenditures of any money by the defendant [Josam] in connection with the automatic scrap handling system, all as more specifically set forth in the Cross-Complaint * * *" The court further states that Preliminary Instruction No. 2 coupled with Final Instructions Numbers 8 and 13 "* * * confused the jury as to their duty and were tantamount to directing a verdict for the plaintiff [Allied]."

The trial court further recognized that "* * * by sustaining the objections of the plaintiff [it] did not permit the defendant [Josam] to offer such evidence, which ruling of the court constituted error of law." We agree with the trial court's statement of error.

This court held in *Bailey* v. *Kain* (1963), 135 Ind. App. 657, 663, 192 N. E. 2d 486 that:

> "The trial judge is more than a mere umpire; his duties extend beyond the bounds of confining the evidence to the issues and instructing the jury on the law of the case; it was his duty to hear the case along with jury; he had the opportunity to see and know the jury;[1] he had the duty to observe the witnesses and note the level of their intelligence and wisdom together with their independence or lack of it, their prejudice or lack of it concerning matters about which they testified, and to note their bias or prejudice, their interest or lack of interest. In short, it was his duty to keep his eyes and ears open to what was going on during the trial so that when confronted with a motion for a new trial, *he could pass upon the purely legal questions involved in the case, as well as determine the weight and sufficiency of the evidence to sustain the verdict.* * * *" (Our emphasis.) [Footnote omitted.]

The issue of Josam's expenditures to complete the installation of the automatic scrap handling system is the very thrust of its cross-complaint. Excluding any evidence of those expenditures would deny Josam a fair trial. TR. 59 (A) (1) was available to the Court on March 18, 1970, when it ruled on Josam's "Motion for New Trial":

"(A)   Motion to correct errors—When granted. The court upon its own motion or the motion of any of the parties for or against all or any of the parties and upon all or part of the issues shall enter an order for the correction of errors occurring prior to the filing thereof, including, without limitation, the following:

(1)   denial of a fair trial by any irregularity in the proceedings of the court, jury or prevailing party, or any order of court, abuse of discretion, misconduct of the jury or prevailing party; * * *"

Denying Josam the right to introduce evidence on the cost of completing the scrap system was error. This evidence could weigh heavily on the issue of failure to complete the installation. There is always the possibility that certain inferences could have been drawn from this evidence which may have shown that Allied was at fault in not completing the scrap system. The reasonable cost of completion is a proper measure of damages if Josam should prevail on this issue. *Johnson-Johnson, Inc.* v. *Farah* (1952), 123 Ind. App. 87, 91, 108 N. E. 2d 638.

The trial judge recognized that he compounded error by giving Final Instruction Number 13, which reads as follows:

"The court instructs the jury that there being no evidence offered by Josam in support of its cross-complaint, the jury may disregard the cross-complaint."

We agree with the statement of the trial court that "* * * by sustaining the objections of the plaintiff [it] did not permit the defendant [Josam] to offer such evidence, which ruling of the Court constitutes error of law."

We cannot agree with Allied's contention that Josam was not entitled to a verdict since it was guilty of an anticipatory breach which made any error committed harmless. The error committed is very harmful and is recognized by the trial court. Within the exclusion of such evidence may be found the very seeds of Josam's recovery against Allied. All of such evidence taken together may exhibit to the jury an entirely

different picture than that presented in its absence. In *Bailey* v. *Kain, supra,* at 663, Judge Hunter speaking for the Indiana Appellate Court stated that:

> "We will be hesitant to overrule a trial court in granting a motion for new trial for the reason that there are strong presumptions in favor of the trial court's action, and ■ it is therefore a sound precedent which dictates that this court should be reluctant to second guess a trial court in granting a motion for new trial."

Allied did not include in the transcript the testimony of the parties and all the witnesses which may have assisted Allied in overcoming the "* * * strong presumption in favor of the trial court's action. * * *". Therefore, the presumption stands unscathed.

The trial court has failed to comply with the mandatory requirements of TR. 59 (E) (7) upon the issue of payment for extra material and equipment unrelated to the installation of the scrap handling system. It will not be necessary to remand this error back to the trial court, since such a remanding would be without any practical or useful purpose. The trial court has stated sufficient and valid reasons for granting a new trial. *Landers* v. *McComb Window and Door Co.* (1969), 145 Ind. App. 38, 248 N. E. 2d 358, 18 Ind. Dec. 72; *State Farm Mut. Auto Ins. Co.* v. *Estes* (1968), 142 Ind. App. 151, 233 N. E. 2d 253.

The trial court's ruling should be and it is hereby affirmed.

Hoffman, C. J., Sharp and White, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 911.