**SURDYK v. INDIANA HARBOR BELT R. CO. et al.**
**No. 8733.**

Circuit Court of Appeals, Seventh Circuit.
April 26, 1945.

John A. L. Siegler, of Chicago, Ill., for appellant.

Theodore Schmidt, P. J. Cronin, Sidney C. Murray, Marvin A. Jersild, and Wm. A. Morrow, all of Chicago, Ill., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff sued to recover for injuries to himself and damage to his automobile sustained in a grade-crossing collision. The cause was tried to a jury. The train involved was operated by the Indiana Harbor Belt Railroad Company upon the tracks of the Pennsylvania Railroad Company. After the trial court had directed a verdict for Belt, the jury found against Pennsylvania, but the court, concluding that plaintiff was guilty of contributory negligence as a matter of law, set aside the verdict and entered judgment, notwithstanding the verdict, in favor of Pennsylvania and against plaintiff.

The accident occurred upon Pennsylvania's single track running north and south and Brainard Avenue, in the city of Chicago. On March 28, 1942, at about 10:45 P. M., a Belt train, with its tender in front of the locomotive, approached Brainard Avenue from the north and stopped 400 feet north of Brainard Avenue. The train paused there until it received a signal to proceed. Upon receiving the signal from the towerman at Brainard Avenue, it proceeded southward, and when the automobile driven by plaintiff was crossing the track, it was struck by the train.

There is sharp and irreconcilable conflict in the evidence as to certain important facts. One of such questions of fact is whether defendants failed to lower the gates at the crossing or gave any warning of the approach of the train.

The record discloses that at the time of the accident plaintiff was 46 years of age. He testified that he drove his automobile west on Brainard Avenue at about 15 miles per hour; that both windows of his car were open; that when he entered the intersection he heard no bells or whistles blowing; that when he arrived at

the railroad crossing the gates were not down, but were up; that when he arrived at a point 100 feet east of the track he saw a dim light on a train on the north side of the crossing which he thought was standing still; that he proceeded to the west and did not see the train coming until it was "right on top of me." Other evidence on behalf of plaintiff tended to show that the engine had dim lights, could hardly be seen, that no signal or warning of the approach of the train had been given, and that the gates at the crossing were not lowered until after the accident.

The evidence on behalf of defendants tended to show that after the engineer had received the towerman's signal he gave two blasts of the whistle, and the train began to move south with considerable noise; that after the towerman had signaled to proceed he turned on the crossing bell on a post at the southeast corner of the crossing and lowered the gates; that when the train was about 100 feet from Brainard Avenue a second crossing whistle was begun and held until after the collision; that when the engine was 75 feet from the crossing the engineer saw plaintiff's car approaching some 300 feet east of the track and applied his emergency brake and brought his train to a stop, with the south end of the tender at about the center line of Brainard Avenue. But before then it had collided with plaintiff's automobile. Other evidence tended to show that the headlight on the tender was burning brightly, and that plaintiff ran his automobile through the gates and broke them. Four witnesses testified on behalf of plaintiff that the gates were not broken.

In support of the judgment defendants contend that there was no substantial evidence tending to prove the negligence of defendants. They stress the point that plaintiff's conduct in driving his automobile across the railroad track after he saw the headlight on the train warranted the court in holding that he was guilty of contributory negligence.

■ It must be remembered that we cannot weigh the testimony; rather we must give plaintiff the benefit of all the facts that the evidence tends to prove. To this end he is entitled to the full effect of every reasonable inference that can be drawn therefrom, and the evidence most favorable to him must be taken as true.

■■ It is well established law in Illinois, as well as in other jurisdictions, needing no citation of authorities, that human conduct must be judged by human standards; that negligence does not become a question of law alone, unless the acts constituting it are of such a character that all reasonable men would concur in pronouncing them so. And the question of contributory negligence is ordinarily one of fact for the jury, and only becomes one of law where the undisputed evidence establishes that the injury resulted from the negligence of the injured party. If there may be a difference of opinion on the question, so that reasonable minds will arrive at different conclusions, then it is a question of fact for the jury.

■ In Illinois it has been held that when a railroad assumes the duty of maintaining gates at the crossing of its tracks with a public street, it is bound to discharge the duty with care, and for a failure to perform such duty which proximately causes injury to a person, it is liable in damages. Greenfield v. Terminal R. Ass'n, 289 Ill.App. 147, 151, 6 N.E.2d 888.

■ To be sure, it is the duty of a driver of an automobile approaching a railroad crossing to use such care as a person of ordinary prudence would exercise under the same circumstances and to look about and see if there is danger and not go recklessly upon the track; and when such a driver fails to use ordinary precaution, such conduct will be condemned as negligence. But in Oswald v. Grand Trunk Western R. Co., 283 Ill.App. 86, 91, it is said: "There are many cases throughout the courts of the country wherein the question as to whether some failure on the part of the railway company to furnish a warning of an approaching train, either by bell, gates or flagman which at other times had usually been employed, relieves the traveler on the road of the same degree of care for his safety as would otherwise be required. These cases proceed on the theory that a traveler has a right to expect and be guided by the warning usually employed at the crossing and that, although the warning was intended as a notice to the traveler, the absence of the warning justified the traveler if he relaxed his usual caution, some of the cases going to the extent of saying that it is an invitation ex-

798

tended to the traveler to cross the tracks with an implied assurance that no train is approaching, which he may to some extent rely upon and lessening the otherwise imperative duty of the traveler to stop, look and listen."

■ In Humbert v. Lowden, 385 Ill. 437, 53 N.E.2d 418, the record disclosed that if deceased had looked in the direction from which the train was approaching, he could have seen the approaching train. It was contended that notwithstanding the gates were not lowered, the deceased was guilty of contributory negligence. The court held that the fact that he had not looked was not conclusive, as a matter of law, that deceased was guilty of contributory negligence, and in disposing of the contention the court, 385 Ill. at page 443, 53 N.E.2d at page 420, said: "Here, for the protection of the public, appellees had erected and maintained crossing gates. If the gates were not lowered this amounted to an invitation to travelers on the highway. It was an assurance, to them, that they could cross over the railroad tracks in safety. In Chicago & Alton R. Co. v. Pearson, 184 Ill. 386, 56 N.E. 633, 635, it was said: 'It is not a rule of law that the omission of the duty to look and listen will bar a recovery where there are facts excusing the performance of that duty.' This rule was quoted with approval in Chicago & Eastern Illinois R. Co. v. Schmitz, 211 Ill. 446, 71 N.E. 1050. * * * In Chicago & Alton R. Co. v. Pearson, 184 Ill. 386, 56 N.E. 633, it was also said, that it is the settled rule of this court that it cannot be said, as a matter of law, that a person is in fault in failing to look and listen, if misled without his fault, or where the surroundings may excuse such failure."

■ Tested by the principles announced in the cases cited, we are impelled to the conclusion that it was a question of fact for the jury to determine whether, under all the circumstances here appearing, defendants were negligent, and if negligent, whether such negligence was the proximate cause of the accident, and whether plaintiff was guilty of contributory negligence.

■ From what we have said it follows that the court erred in entering judgment non obstante veredicto. Since motions for new trial are addressed to the nisi prius court, the cause must be re-

manded to the District Court. Walaite v. Chicago, Rock Island & Pacific R. Co., 376 Ill. 59, 33 N.E.2d 119, and Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S. Ct. 189, 85 L.Ed. 147.

The judgment of the District Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.