Cary H. CARTER, Plaintiff-Appellant,

v.

Lillian Mae WILLIAMS, Defendant,

and

Vernon Solberg, William D. Terrill, Emily B. Stovall, James Harrison and William Rabideau, Defendants-Appellees.

Lillian Mae WILLIAMS, Defendant-Appellant,

v.

Cary H. CARTER, Plaintiff-Appellee.

Nos. 14814, 15052.

United States Court of Appeals Seventh Circuit.

May 26, 1966.

James A. Dooley, William J. Jovan, Chicago, Ill., for Carter.

David E. Jacker, John M. O'Connor, Jr., Stewart S. Dixon, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for Terrill.

John E. Wilson, Chicago, Ill., for Harrison.

Anton J. Valukas, James P. Chapman, Chicago, Ill., for Stovall.

John M. Beverly, Frank J. Pause, Robert O. Duffy of Beverly and Pause, Chicago, Ill., for Rabideau.

Donald W. Ford, James M. Redding, Chicago, Ill., for Salbert and Williams.

Before HASTINGS, Chief Judge, and SCHNACKENBERG [1] and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

These consolidated appeals (Nos. 14814 and 15052) arise from the judgments of the district court in an action by Cary H. Carter, an Ohio resident, against several Illinois residents [2] to recover damages for personal injuries incurred in a highway collision. In No. 14814, Carter appeals from the entry of a summary judgment in favor of all defendants, except Lillian Mae Williams. In No. 15052, Williams appeals from a default judgment entered in favor of Carter.

In 1956, Carter was district sales manager for M–R–C Bearing Service Company, headquartered in Cincinnati, Ohio. James Harrison, a resident of Peoria, Illinois, was a company salesman. Harrison intended to resign, and Carter traveled by train from Cincinnati to Chicago, Illinois to learn from Harrison the reason for his resignation. After a meeting with Harrison, at which Carter agreed to Harrison's immediate resignation, Harrison invited Carter, who was to return to Cincinnati by train, to ride with him in his car to Kankakee, Illinois, where Carter could catch his train. Carter accepted.

Going south en route to Kankakee, Harrison allegedly drove carelessly, ran a red light and speeded. Carter allegedly protested this conduct.

On a level stretch of two-lane highway near Peotone, Illinois, Harrison, unable to stop in time to avoid a collision, struck from the rear a car driven by Mrs. Emily B. Stovall. Stovall had stopped suddenly to avoid an accident which had occurred directly ahead of her. The car ahead of Stovall, driven by William Rabideau, had been struck by a car driven by William D. Terrill. The Terrill car was originally in the northbound lane of traffic, but had suddenly veered over the center line and struck Rabideau's southbound car.

The Terrill-Rabideau collision allegedly occurred after Terrill's car had been struck in the rear by a car owned by Vernon Solberg and driven by Williams. Williams, who had not driven the car before and was unfamiliar with it, had apparently become unnerved and uncertain

---

1. Circuit Judge Schnackenberg took no part in the preparation of this opinion or the decision of this appeal.

2. Defendants are James Harrison, William Rabideau, William D. Terrill, Emily B. Stovall, Vernon Solberg and Lillian Mae Williams. Solberg is sometimes referred to as Solbert in this litigation.

after an unsuccessful attempt to pass the Terrill car. Attempting to return to her proper lane of traffic, she allegedly struck the rear of Terrill's car, causing it to veer sharply into the lane of oncoming traffic.

The following diagram will clarify the facts surrounding the accident.

14814, 15052

**JUST PRIOR TO ACCIDENT**

N

Harrison

Stovall

Rabideau

Terrill

Solberg [Williams]

**AT IMPACT**

Harrison

Stovall

Rabideau

Terrill

Solberg [Williams]

**IMMEDIATELY AFTER IMPACT**

Harrison

Stovall

Rabideau

Terrill

Solberg [Williams]

As stated, the car Williams was driving was owned by Vernon Solberg. He had met Williams that afternoon. He had taken her shopping in Kankakee, and they had had some beers. It was on their return trip from Kankakee, and after Solberg allowed Williams to drive his car, that the accident occurred.

The complaint in the instant case was filed in 1958. Because Williams could not be located, summons was served on her by means of substituted service of process on the Illinois Secretary of State.

Depositions were taken in 1960 and 1961 from Carter and from all defendants, except Williams. After a number of postponements, the case was called for trial on May 27, 1964. A jury was impaneled and witnesses heard, but a mistrial was declared. Defendants, with the exception of Williams, who was not present, moved for summary judgment. The motions for summary judgment were generally supported by the depositions taken in 1960 and 1961. Carter filed an affidavit in opposition. In order to consider the motions, the court continued the cause to June 9, 1964.

On that day, the trial court entered summary judgments in favor of all defendants, except Williams, on the ground that the negligence of Harrison was imputed to Carter and that this barred Carter's recovery against all defendants. An order of default was entered against Williams, *nunc pro tunc*, as of May 27, 1964. A later prove-up was conducted, and default judgment was entered against Williams in the amount of $29,187.83.

In entering summary judgments for the defendants, the trial court found that the purpose of the Harrison and Carter trip was to take Carter from Chicago to the railroad station in Kankakee in connection with company business and that Carter and Harrison understood and agreed that the company would reimburse Harrison for driving expenses. It also found that at the time of the accident Harrison was operating his car at a rate of speed greater than was reasonable and proper, having regard to the traffic and use of the way, contrary to and in violation of Illinois law, and that as a result of Harrison's acts, his automobile collided with another vehicle, thereby causing Carter's injury.

The court drew the following conclusions of law:

"First, that in Illinois it is negligence as a matter of law to drive an automobile at such a rate of speed that it cannot be stopped in time to avoid collision with an object discernible within the driver's length of vision ahead of him. * * *

"Second, that Harrison's violation of Chapter 95½, paragraph 146, Ill.Revised Statutes, which was adopted for the public safety, constitutes negligence per se as a matter of law. * *

"Third, that Carter, at the time of the occurrence upon which this action is based, was engaged in a joint enterprise with Harrison, or in the alternative, that there was an agency relationship existing at the time between Harrison and Carter. * * *

"Fourth, that under these circumstances the negligence of Harrison is imputed to Carter to bar recovery on his part against all defendants."

Carter has appealed on the ground that there was a genuine issue of material fact as to whose negligence had been the proximate cause of his injuries; that the trial court erred in finding Harrison guilty of negligence as a matter of law; that the trial court erred in holding as a matter of law that Harrison and Carter were engaged in a joint enterprise; that the trial court erred in permitting the doctrine of imputed negligence to apply between Harrison and Carter; and, finally, that the trial court erred in failing to submit Carter's complaint charges of willful and wanton negligence against Harrison to a jury.

## SUMMARY JUDGMENT

While it is clear that summary judgment is appropriate where no genuine issues of material fact exist, Federal Rules of Civil Procedure, 56(c), 28 U.S.C.A.,[3] there is a question whether allegations of negligence in a pleading, without more, create, in the face of opposing deposition testimony showing that there was no negligence, such a material issue of fact as to make summary judgment appropriate.

The law in this circuit is expressed in Moutoux v. Gulling Auto Electric, Inc., 7 Cir., 295 F.2d 573, 576 (1961):

"While Rule 56 does contemplate that 'the allegations of fact in the pleadings may be pierced' by admissions, depositions and affidavits which show, in fact, that no genuine issues of fact exist. Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 179 F.2d 265, 267, unless such evidentiary matters submitted in a particular case clearly show 'that there was no issue of fact to be tried', the court 'is not permitted to try on the affidavits submitted an issue of fact which is presented by the pleadings.' Campana Corp. v. Harrison, 7 Cir., 135 F.2d 334, 335–336. If, upon the proofs adduced in support of a motion for summary judgment, any doubt remains as to the existence of a genuine issue of material fact, such doubt must be resolved against the movant for summary judgment and the motion for summary judgment must be denied. Mitchell v. Pilgrim Holiness Church Corp., 7 Cir., 210 F.2d 879, certiorari denied 347 U.S. 1013, [74 S.Ct. 867, 98 L.Ed. 1136] * * *."

To Harrison's motion for summary judgment based on joint enterprise or an agency relationship between Harrison and Carter and on imputed negligence, Carter filed an opposing affidavit. While Harrison in his deposition stated that his resignation was effective as of August 31, Carter in his affidavit implied that Harrison's resignation was effective on August 23, the day of the accident; that prior to their departure, Harrison turned in his salesman's equipment; that Harrison volunteered to take him to Kankakee; and that between the time he and Harrison left Chicago and the time of the accident, no business was transacted.

These diverse statements generate a material factual issue with regard to Harrison's employment status at the time of the accident. While the questions whether Carter and Harrison were engaged in a joint enterprise or, alternatively, that an agency relationship existed between them are ultimately questions of law, they are questions which call for an exact appraisal and determination of the facts. Harrison's ambiguous status must be determined before, and not after, the application of a legal characterization.

While the district court in granting the motion for summary judgment no doubt resolved the case to defendant Harrison's satisfaction, notwithstanding the finding of negligence on Harrison's part, Harrison's deposition testimony on the question of negligence is in conflict with that of Carter. According to Harrison, he did not run a stop light, was not speeding, and Carter did not protest his manner of driving.

In Wedig v. Kroger Grocery & Baking Co., 282 Ill.App. 370 (1935), the Appellate Court of Illinois held that it is the general rule in Illinois that it is negligence as a matter of law to drive an automobile at such a rate of speed that it cannot be stopped in time to avoid a collision with an object discernible within the

---

3. Rule 56(c) reads in relevant part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

driver's length of vision ahead of him. The court also noted, however, that there are Illinois cases "which hold that by reason of certain conditions it is a question of fact for the jury." Wedig v. Kroger Grocery & Baking Co. at 378.

■■ In view of the conflict in deposition testimony between Harrison and Carter, it is incumbent upon the trial court, in considering a motion for summary judgment, to determine whether the facts disclose such conditions as would, under Illinois law, make the question of negligence a question of fact for the jury. Summary judgment as to Harrison and Carter was improper.

Carter's complaint against Stovall alleges negligence in the operation, maintenance and control of her vehicle; negligence in stopping her vehicle without a signal of intention to do so; negligence in following another vehicle more closely than was reasonable or prudent; and negligence in stopping a vehicle upon the traveled portion of the highway.

Carter's complaint against Rabideau alleges negligence in driving at a rate of speed greater than was reasonable and proper; negligence in failing to keep a proper and sufficient lookout; and negligence in following another vehicle more closely than was reasonable or prudent.

■ Uncontroverted deposition evidence from Carter, his driver, Harrison, Stovall, Rabideau, and Terrill reveals clearly and affirmatively that there are no genuine issues of material fact with respect to the conduct of Stovall and Rabideau. Rabideau was driving his automobile properly down his own (right) side of the highway and was struck by the Terrill automobile through no fault of his own. Stovall was driving her automobile properly, following Rabideau. When she approached the stricken Rabideau car stopped on the highway, she had her own car fully under control so that she did stop on the highway in time to avoid a collision with Rabideau. Her car was struck in the rear by the Harrison car through no fault of her own. Stovall and Rabideau were not negligent in any particular and are entitled to judgment as a matter of law. Surkin v. Charteris, 5 Cir., 197 F.2d 77, 79 (1952).

The deposition evidence of Terrill and Solberg, however, irreconcilably conflicts. Terrill deposed that he was driving north at a speed of 40 to 50 miles per hour when his car was suddenly and unexpectedly struck in the right rear. He testified that the force of this collision threw his car counter clockwise across the center line and into the southbound lane of traffic, where it struck Rabideau's car.

Solberg, however, deposed that the car in front of his, that is, Terrill's, was *stopped* and *parked* on the highway when Williams started to pass it on the left. He further deposed that an accident had already occurred when his car came on the scene. He also testified that to his knowledge there was no contact between his automobile and the car stopped immediately ahead on the highway.

Stovall deposed that she saw the Solberg car go off the road to the right and then, in coming back on the road, strike the car in front of it. Rabideau, whose memory was affected by the accident, deposed that two cars were coming from the south just before the accident.

■ While on balance it may appear that Terrill's deposition testimony has greater weight than Solberg's, doubts about the existence of genuine issues of material fact must be resolved against the movant for summary judgment, and a trial court is not permitted to try on affidavits and depositions an issue of fact presented by the pleadings. Moutoux v. Gulling Auto Electric, Inc., supra.

Carter's complaint against Terrill alleged negligence in the operation, maintenance and control of his vehicle; negligence in driving his vehicle at a rate of speed greater than reasonable and proper; negligence in failing to keep a proper lookout, and negligence in failing to yield the right of way to an overtaking vehicle.

Terrill deposed that before his car was struck from the rear, he did not observe any car approaching his car from the rear, did not see any car try to pass his car, and did not see the car which struck his car. He did not even know in what direction the car which struck his had been traveling before the impact.

While we do not judge the issue of negligence, the aggregate of the deposition testimony, including Solberg's wholly disparate version of the facts, reveals that, under the allegations of the complaint against Terrill, unresolved issues of material fact exist, relating to Terrill's lookout, possible failure to yield the right of way to an overtaking vehicle, and his control of his vehicle. Summary judgment was improper as to Terrill.

Since Solberg's deposition conflicts materially with the other depositions in matters relating to the operation of his car, and since we are not convinced that Solberg had no responsibility for the control of his car, which was being driven by Williams, we hold summary judgment as to Solberg was improper.

## DEFAULT JUDGMENT

Lillian Mae Williams, who was the driver of the Solberg car, which allegedly struck Terrill's car from the rear, was not found. The summons issued against her was returned unexecuted on September 2, 1958. An alias summons was issued on September 21, 1960. This summons was returned executed through service upon the Illinois Secretary of State. Service was obtained pursuant to Ill.Rev.Stats. Chap. 95½ § 9–301. Carter's attorney filed an affidavit based on information and belief that Williams had been a resident of Illinois, but had since left Illinois and become a non-resident.

A copy of the summons and complaint was sent to Western States Mutual Automobile Insurance Company, apparently Solberg's insurer.

At the time service was obtained through the Secretary of State, Williams was in fact imprisoned at the Dwight Reformatory for Women at Dwight, Illinois and continued to be imprisoned there until March 20, 1963.

On or about October 20, 1960, Williams appeared specially by an attorney (Solberg's insurance company counsel), who had no knowledge of her whereabouts, and moved the court for an order quashing the service of process on the basis that Carter's attorney's affidavit of compliance with Ill.Rev.Stats., Chap. 95½ § 9–301 was insufficient and that the notice procedure followed was unconstitutional. This motion was denied.

On May 27, 1964, Carter filed a motion for default judgment against Williams. Williams having failed to appear, the motion was granted. At a later prove-up default judgment was entered again Williams in the amount of $29,187.83. Motions to vacate this judgment and quash the service of summons on Williams were denied.[4]

The statute authorizing service of process on the Illinois Secretary of State for non-resident users of Illinois highways involved in accidents in Illinois reads, in relevant part, as follows:

"[process may be served on the Secretary of State as though served on the individual personally] if such person is a non-resident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a non-resident of this State * * *." Ill.Rev.Stats., Chap. 95½ § 9–301.

Although Carter's attorney indicated by his "information and belief" that Williams was a non-resident of Illinois, the

---

4. We note with favor the careful procedure followed by the trial judge in his denial, for lack of jurisdiction, of the motion to vacate the Williams default judgment. For the reason that plaintiff had filed timely notice of appeal, vesting jurisdiction over the cause in this court and depriving the district court of jurisdiction to take further action, the trial court denied a hearing on the motion to vacate its judgment.

fact is that Williams was actually a resident of Illinois when service of process was attempted through use of the Illinois non-resident motorist statute.

We see no way in which "information and belief", even for the purposes of service of process, can convert actual residency into non-residency. While statutes such as the Illinois non-resident motorist statute have provided for constructive service of process and meet due process requirements of notice and opportunity to be heard, Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928); Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927), they have not gone so far as to attempt to create a constructive non-residency. The Illinois statute in question does not do so.

 Because Williams was a resident of Illinois at the time of the purported service, the Secretary of State of Illinois had no authority under the language of Ill.Rev.Stats., Chap. 95½ § 9–301 to act as the agent of Williams in the receipt of summons. Service upon the Secretary of State, therefore, did not confer upon the district court jurisdiction over the person of Williams under Rule 4(d) (1) and (7), Federal Rules of Civil Procedure, 28 U.S. C.A. Furthermore, it has never been shown that Williams ever received any notice of suit. The special appearance to contest jurisdiction apparently occurred because as the insurer of Solberg's car, Western States Mutual Automobile Insurance Company had some obligation toward those who drove the car with Solberg's permission.

Since there was no adequate service of process and since the jurisdictional defect has not been waived, any orders entered by the district court against Williams are without effect.

For the foregoing reasons, we affirm the summary judgments in favor of defendants, Emily B. Stovall and William Rabideau; we reverse the summary judgments against defendants, James Harrison, William D. Terrill and Vernon Solberg; and we reverse the default judgment against defendant Lillian Mae Williams.

This cause is remanded to the district court for further proceedings not inconsistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.