**Dale N. ZINK, Plaintiff-Appellant,**

v.

**Edwin A. RADEWALD, Jr., Defendant-Appellee.**

**No. 15612.**

United States Court of Appeals
Seventh Circuit.

June 23, 1966.

---

James E. Keating, Gerald A. Kamm, F. Gerard Feeney, South Bend, Ind., for appellant.

Roland Obenchain, Jr., South Bend, Ind., Philip A. Hadsell, Jr., Niles, Mich., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Dale N. Zink, the plaintiff-appellant, brought this diversity action in the District Court against Edwin A. Radewald, Jr., the defendant-appellee, to recover damages allegedly caused by negligence of the defendant in operating a motor vehicle. The case was tried to a jury, and at the close of the plaintiff's evidence the trial judge directed a verdict for the defendant. Judgment was entered upon the verdict and plaintiff appealed.

Plaintiff contends that the District Court erred in withdrawing the case from the jury. Thus, the sole contested issue presented for determination upon appeal is whether the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the plaintiff, is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions. If so, it was error to grant defendant's motion for a directed verdict and to enter judgment for the defendant thereon. Smith v. J. C. Penney Company, 7 Cir., 261 F.2d 218, 219.

The evidence discloses that on March 22, 1963, at about 3:30 P.M., plaintiff was traveling south on Michigan Street in South Bend, Indiana, in his 1958 two-door Studebaker automobile. The factories were letting out and the traffic was heavy. The weather was clear and the pavement was dry. Plaintiff was fourth or fifth in the line of traffic when it stopped at the intersection of Broadway and Michigan streets in observance of a traffic control signal light. When the light changed to green the plaintiff and the automobiles ahead of him proceeded through the intersection but "there was no speeding up". When plaintiff had proceeded ninety-eight feet beyond the intersection the traffic ahead

of him again came to a stop. Plaintiff stopped six to ten feet behind the automobile in front of him. Three or four seconds later the rear of plaintiff's automobile was struck by a one and one-half ton stake truck driven by the defendant. The impact of the truck with plaintiff's vehicle threw a passenger from the right rear seat of the automobile over the back of the front seat, knocking his glasses off and throwing his hat into the windshield. Plaintiff was thrown up and onto the steering wheel. The metal frame of the driver's seat was sprung back. The rear of plaintiff's automobile was extensively damaged and the plaintiff sustained personal injuries. The defendant had been following behind the plaintiff's automobile for as much as three blocks and his vision was unobstructed.

 The defendant contends that the evidence showing the circumstances surrounding the collision and the effects it produced would not warrant a reasonable inference that the collision was caused by any negligence upon his part. In this connection the defendant points to the absence of any direct evidence of any particular negligent act, or omission on his part and to the absence of direct evidence that he was driving at an excessive speed, following too closely behind plaintiff's vehicle, failed to keep a lookout, or failed to use his brakes. Defendant relies upon the inapplicability of the doctrine of *res ipsa loquitur* (plaintiff makes no contention that such doctrine applies) and invokes the doctrines that negligence being a matter of affirmative proof, the mere happening of an accident does not raise a presumption or authorize an inference of negligence (Hendrix v. Harbelis, Ind.App., 209 N.E. 2d 906) and even in the case of a rear end collision negligence on the part of the driver striking the other vehicle from behind is not presumed. Hoesel v. Cain, 222 Ind. 330, 53 N.E.2d 165; Dimmick v. Follis, 123 Ind.App. 701, 111 N.E.2d 486; Taylor v. Fitzpatrick, 235 Ind. 238, 132 N.E.2d 919; Kraklau v. Bayman, 7 Cir., 318 F.2d 400. But although these decisions recognize that no presumption

of negligence arises merely from the fact of a rear end collision they do not require that negligence in such cases be established by direct rather than circumstantial evidence or that the existence of negligence may not be established by direct evidence concerning the result of the collision and its impact on the cars involved. This was explicitly recognized in Taylor v. Fitzpatrick, supra, a case involving a collision with a parked automobile and in which the driver of the moving vehicle was the only occurrence witness, where it is stated (132 N.E.2d 919, 922–923):

"In the case at bar, the evidence is replete with direct evidence concerning the result of the collision and its impact on the cars involved and, in our opinion, the jury might reasonably have inferred from such evidence that the speed of appellant's car at the time and place of the collision was greater than the exercise of ordinary care would permit under the circumstances. * * *

This was sufficient evidence to take the issue of negligent rate of speed to the jury, and the court did not err in overruling appellant's motion for a directed verdict.

\* \* \* \* \* \*

In our opinion there was sufficient evidence from which the jury might reasonably have found that appellant negligently failed to have his automobile under control; * * * that he failed to keep a proper lookout ahead for another automobile."

 In our opinion the direct evidence concerning the circumstances surrounding the collision here involved and the results it produced is such that the jury might reasonably have inferred that the collision occurred because of failure of the defendant to operate his truck with that degree of control and caution the exercise of ordinary care required under those circumstances. The defendant had been following the plaintiff "in the line of traffic" for at least three blocks. His vision was unobstructed. He could not have been unaware of the

presence of the plaintiff's vehicle or of the heavy traffic conditions existing. There is basis for an inference that the collision resulted from a failure of the defendant to keep a lookout ahead, or to so restrict his speed and keep at such distance behind the plaintiff's vehicle as reason and prudence dictated under the existing traffic conditions. That it may also be reasonable to conclude otherwise does not warrant a withdrawal of the issue of defendant's negligence from the jury.

We conclude that the District Court erred in directing a verdict for the defendant. We therefore reverse the judgment entered for the defendant and remand the cause for a new trial.

Reversed and remanded for a new trial.