In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2984

MOSES PEREZ and DEE PEREZ,

*Plaintiffs-Appellants*,

*v.*

K & B TRANSPORTATION, INC. and KIARA WHARTON,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-02610 — **Mary M. Rowland**, *Judge*.

ARGUED JUNE 5, 2020 — DECIDED JULY 24, 2020

Before EASTERBROOK, HAMILTON, and SCUDDER, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Plaintiff Moses Perez was driving a sport-utility vehicle when he apparently hit a patch of ice, lost control, and was then hit from behind by defendant Kiara Wharton driving a tractor-trailer. After excluding Perez's expert witnesses on accidents and truck-driving, the district court granted summary judgment for Wharton and her em-

ployer, K & B Transportation, Inc. We conclude that this clas-
sic negligence case was inappropriate for summary adjudica-
tion. Under Illinois law, a reasonable jury could infer that
Wharton was driving negligently based on the evidence that
she rear-ended Perez and that she was driving too fast for the
weather conditions. We reverse and remand for trial.

I.   *Facts for Summary Judgment*

Because defendants K & B Transportation and Wharton
moved for summary judgment, on appeal we construe the
facts in the light most favorable to the non-moving parties,
Moses Perez and his wife Dee Perez. *Reid v. Norfolk & W. Ry.
Co.*, 157 F.3d 1106, 1110 (7th Cir. 1998). The accident occurred
at 5:18 am on January 20, 2016, seconds after both vehicles
passed the toll sensors at a toll plaza on eastbound Interstate
294 in Thornton Township in southeastern Cook County, Illi-
nois. The posted speed limit was 55 miles per hour. It was
dark, and the weather was cold, snowy, and icy.

Perez's vehicle, driving in the right I-Pass lane of the toll
plaza, spun out of control, though the details of how it did so
are disputed. Wharton's truck struck the right rear of Perez's
car. Perez's vehicle came to rest against the median wall.
Wharton stopped her truck, and State Trooper Stephen Kenny
responded to the scene.

The parties dispute exactly how Perez's vehicle spun out,
and whether, therefore, Wharton reacted appropriately. The
parties also dispute the proper driving speed given the
weather conditions. Plaintiffs say that Perez's vehicle hit a
patch of black ice within its lane, swerved, then returned to
the original lane of travel in which Wharton was following
Perez. He testified he was driving 15 to 30 miles per hour,

about the speed of traffic. According to plaintiffs, Wharton was driving too fast for conditions, at or slightly above the posted speed limit, and therefore could not slow down enough to avoid colliding with Perez.

Defendants tell a different story. Wharton says that she saw Perez spin out and that his vehicle moved from the right lane all the way to the left side of the highway, so she began to slow down. But after Perez came to a stop on the left side of the highway, he began unexpectedly to cut all the way across to the right side of the highway again. Because of this unusual driving behavior, Wharton says, she was unable to avoid Perez despite her best efforts to brake. Wharton testified that she could not remember how fast she was traveling before beginning to brake, but that she had downshifted to third or fourth gear by the time of impact, so that her truck would have been going 10 to 15 miles per hour. The parties also dispute further details of Wharton's driving that are not relevant to our decision here.

## II. *Procedural Background and Jurisdiction*

Plaintiffs Moses and Dee Perez filed their suit in the Circuit Court of Cook County (Illinois) on January 17, 2017, naming both Kiara Wharton and K & B Transportation, Inc. as defendants. (Mrs. Perez asserts a claim for loss of consortium.) Defendants removed the suit to federal court based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). The Perezes did not move to remand under 28 U.S.C. § 1447(c). After discovery, Wharton and K & B Transportation moved for summary judgment, and the district court granted their motion, entering final judgment for defendants. The Perezes appeal that judgment.

On appeal, plaintiffs have challenged federal jurisdiction. The amount in controversy exceeds $75,000, the Perezes are citizens of Illinois, and K & B is a citizen of Iowa (state of incorporation) and Nebraska (principal place of business). Jurisdiction under § 1332(a)(1) therefore turns on the citizenship of defendant Wharton at the time of filing and removal. See *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

Wharton says she is a citizen of Texas, making diversity complete. Plaintiffs say she has not proven that, so that complete diversity is lacking. We have held that a "citizen of the United States who is not also a citizen of one of the United States may not maintain suit" under § 1332(a)(1). *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). Because the issue governs subject-matter jurisdiction, it could be raised for the first time on appeal. *Grupo Dataflux*, 541 U.S. at 571. We directed the parties to brief the issue.

Wharton is a long-haul truck driver who spends the vast majority of her time on the road. She currently has no residence of her own. Her most recent residence was an apartment she rented in Texas, but before the Perez accident she had given that up, started receiving her mail at a post office box, and begun staying with a family member in Texas when she was not on the road.

Plaintiffs argue that these facts rendered Wharton "stateless" so that defendants failed to support diversity jurisdiction. Plaintiffs also point to defendants' failure to introduce other evidence tying Wharton to Texas, such as real estate ownership, payment of state taxes, or voting in Texas. Wharton has a Texas commercial driver's license, and the State of

Texas requires applicants to provide several documents demonstrating residency. Remarkably, though, plaintiffs argue that "there is no evidence that Wharton actually did any of those things required." In other words, plaintiffs imply without any proof that Wharton and/or an employee of the State of Texas committed fraud in issuing Wharton's commercial driver's license. Without evidence to the contrary, we presume that Wharton and the state employees who issued her license acted in good faith and complied with Texas law. See, e.g., *Promega Corp. v. Novagen, Inc.*, 6 F. Supp. 2d 1037, 1068 (W.D. Wis. 1997).

Wharton contends that she established her domicile and citizenship in Texas, has never subsequently established a domicile in another state, and is still a citizen of Texas because she intends to continue her current living arrangements there indefinitely. See *Mitchell v. United States*, 88 U.S. 350, 353 (1874) ("A domicile once acquired is presumed to continue until it is shown to have been changed. Where a change of domicile is alleged the burden of proving it rests upon the person making the allegation. To constitute the new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there…. Mere absence from a fixed home, however long continued, cannot work the change.").

State residence is not necessarily the same as citizenship, but we are satisfied that Wharton established a residence and domicile and thus citizenship in Texas, and there is no evidence she has given up that citizenship. Wharton did not give up her Texas residence and citizenship simply because her work frequently takes her away from Texas and she has arranged her affairs accordingly. Most important, no evidence

shows that Wharton established a domicile and citizenship in any other state after she established a domicile in Texas. Diversity of citizenship is complete, so subject-matter jurisdiction is safe.

III. *Summary Judgment on Negligence*

We review a grant of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving parties—here, plaintiffs Moses and Dee Perez. *Lewis v. CITGO Petroleum Corp.,* 561 F.3d 698, 702 (7th Cir. 2009). The plaintiffs challenge the district court's exclusion of their expert testimony and argue that they would have defeated summary judgment if that evidence had been considered. We affirm the district court's exclusion of plaintiffs' experts but find that summary judgment was still improper. Applying Illinois law, a reasonable jury could find that Wharton was negligent based on the remaining record.

A.  *Exclusion of Plaintiffs' Experts*

We apply two layers of review to a district court's decision to exclude expert evidence under Federal Rule of Evidence 702. First, we review *de novo* a district court's application of the legal framework. Second, if the court applied the correct legal analysis, we review its decision to admit or exclude expert testimony for abuse of discretion. *C.W. v. Textron, Inc.,* 807 F.3d 827, 835 (7th Cir. 2015), discussing Rule 702 and *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993). Plaintiffs imply that it was improper for the district court to analyze the admissibility of their expert evidence sua sponte, without adversarial briefing. Defendants raised the issue in an irregular way, in their sur-reply on their motion for summary judgment. The procedural irregularity does not affect

our decision here. A district court is entitled to rule on expert admissibility sua sponte. See *Lewis*, 561 F.3d at 704, citing *Kirstein v. Parks Corp.*, 159 F.3d 1065, 1067 (7th Cir. 1998); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1094, 1107 (7th Cir. 1994). As long as the district court has given the parties an opportunity to be heard and applies the correct legal framework under Rule 702, we are satisfied. See *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 782 (7th Cir. 2017).

Before the district court, defendants K & B and Wharton argued that the opinions of plaintiffs' experts Mike DiTallo and Adam Grill were speculative conclusions not based on the facts of the case. Citing Federal Rule of Evidence 702, which requires that the expert testimony be "based on sufficient facts or data" and "the product of reliable principles and methods," the district court agreed. In particular, the district court was concerned that Grill's report cited barely any case-specific evidence and failed to explain the method he used, and that when he was asked about these same issues at his deposition, he did not provide any further detail. We find no abuse of discretion here; the district court clearly applied Rule 702 and excluded Grill's report on the basis of specific, identifiable problems with regard to relevant factors.

The district court's exclusion of the DiTallo report is a closer call, but we find no abuse of discretion. DiTallo cautioned that "there is not enough data to perform a detailed crash reconstruction in this matter," such that he could not say for certain whether the accident happened as Perez testified it did. Based on the limited data available to him, though, DiTallo opined that Perez's version of events was possible but Wharton's was not physically possible. In particular, he relied

on photographic evidence of the site of impact on Perez's vehicle to conclude that Perez could not have been coming from the left shoulder at the time of the collision. In DiTallo's view, the site of impact, the right rear of the car, is consistent with Perez's version of events but not Wharton's (in which the tractor-trailer would have hit the car's side).

Plaintiffs argue on appeal that DiTallo's limited conclusions were appropriate and reliable in relation to the limited evidence available to him. Though the district court was not specific in its reason for excluding DiTallo's report, it appears that the court found it too indeterminate and, as the court wrote, not "sufficiently grounded in the facts of this case," despite its modest conclusions. On abuse-of-discretion review, we cannot overturn this ruling. Nonetheless, genuine issues of material fact remain even after the exclusion of Grill's and DiTallo's reports.

B. *A Jury's Ability to Infer Negligence*

After exclusion of plaintiffs' experts, the plaintiffs' case rests on the testimony of Wharton, Perez, and another driver who witnessed the collision; the trooper's crash report; and photographs of the damage to both vehicles. This record raises genuine issues of material fact as to whether Wharton was driving at a safe speed given the treacherous weather conditions. Accordingly, summary judgment was inappropriate.

First, the record presents the trier of fact with two plausible and conflicting versions of how Perez's car spun out of control. Without conclusive expert evidence, this is a classic jury question in which Wharton's credibility must be weighed against Perez's. See generally, e.g., *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

Second, our precedents have long recognized that "it is the general rule in Illinois that it is negligence as a matter of law to drive an automobile at such a rate of speed that it cannot be stopped in time to avoid a collision with an object discernible within the driver's length of vision ahead of him." *Carter v. Williams*, 361 F.2d 189, 193–94 (7th Cir. 1966). (It appears that there was only about one truck length between Perez's and Wharton's vehicles at the moment when Perez began to spin.) Given the icy conditions, mere compliance with the posted speed limit in this incident is not necessarily enough to avoid liability. See 625 ILCS 5/11-601 (drivers have a duty to decrease their speed under hazardous weather conditions). The appropriate speed under the circumstances is a fact-intensive question, highly contested by both sides, and the kind of reasonableness determination that is best suited for a jury. See, e.g., *Surdyk v. Indiana Harbor Belt R. Co.*, 148 F.2d 795, 797 (7th Cir. 1945) ("It is well established law in Illinois, as well as in other jurisdictions, needing no citation of authorities, that human conduct must be judged by human standards; that negligence does not become a question of law alone, unless the acts constituting it are of such a character that all reasonable men would concur in pronouncing them so."). The district court relied on Wharton's testimony as to her speed at *impact*. The more critical inquiry is how fast Wharton was going *before* she began braking in response to Perez's spin, and whether this speed and her following distance were safe under the circumstances.

The record is not clear on Wharton's pre-braking speed, again pitting Wharton's recollections against Perez's in a credibility contest that is more appropriate for a jury. As to her pre-impact speed, Wharton testified, "I'm not for sure, but I know I wasn't going faster than 60." Immediately before the accident, Wharton's truck was in tenth gear, in which it can travel as fast as 64 miles per hour. Perez testified only that he was keeping pace with traffic and that he estimated traffic to be moving between 15 and 30 miles per hour due to conditions. He estimated that three seconds elapsed between his vehicle losing traction and the collision.

Third, though "no *presumption* of negligence arises merely from the fact of a rear end collision," we have long recognized that a jury *may reasonably infer* negligence under Illinois law in such circumstances. *Zink v. Radewald*, 369 F.2d 253, 255 (7th Cir. 1966) (emphasis added). Trooper Kenny's report and the photographic evidence are clear on this point: Wharton's truck struck Perez's vehicle on the right rear. That fact does not show conclusively that she was not driving with ordinary care under the circumstances (i.e., the record on this point does not support summary judgment for either side), but it could support a jury verdict in Perez's favor.

The judgment of the district court is REVERSED and the case is REMANDED for trial.